**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BEVERLY HILLS UNIFIED SCHOOL DISTRICT, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> FEDERAL TRANSIT ADMINISTRATION; et al., <br><br> Defendants-Appellees. | No. 17-55080 <br><br> D.C. No. 2:12-cv-09861-GW-SS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted July 14, 2017
Pasadena, California

Before: PREGERSON and WARDLAW, Circuit Judges, and CHEN,[**] District
Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Edward M. Chen, United States District Judge for the Northern District of California, sitting by designation.

Beverly Hills Unified School District (the "School District") appeals the district court's denial of its motion for a preliminary injunction. We have jurisdiction pursuant to 28 U.S.C. §1292, and we dismiss.[1]

**1.** The district court lacked jurisdiction to enjoin the Federal Transit Administration ("FTA") from entering into a full-funding grant agreement ("Grant Agreement") with the Los Angeles County Metropolitan Transportation Authority ("Metro") or to enjoin Metro from executing the design/build contract for the Westside Subway Extension ("Design/Build Contract"). The School District claims that the FTA violated the National Environmental Policy Act ("NEPA") by executing the grant agreement and design/build contract before issuing the supplemental Environmental Impact Statement ("EIS") contemplated by the district court's Remedy Order. The FTA is currently addressing deficiencies found in the EIS, under the court's remand.

The School District argues that the FTA predetermined the outcome of the environmental analysis. *Metcalf v. Daley*, 214 F.3d 1135, 1145 (9th Cir. 2000). However, we may only reach the question of predetermination if the School District has properly challenged final agency action.

---

[1] We grant the School District's motion to take judicial notice of documents related to construction filed Feb. 16, 2017.

"When a claim is brought pursuant to the APA, the agency action must be 'final agency action for which there is no other adequate remedy in court.'" *Rattlesnake Coal. v. EPA*, 509 F.3d 1095, 1103 (9th Cir. 2007) (quoting 5 U.S.C. § 704). For an agency action to be final, it "must mark the consummation of the agency's decisionmaking process," and must be "one by which rights or obligations have been determined, or from which legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 178 (1997) (internal quotation marks omitted).

Under NEPA, the final agency action requirement merges with the requirement that an agency prepare an EIS for "major Federal actions significantly affecting the quality of the human environment." 42 U.S.C. § 4332(c); *see also Cal. Wilderness Coal. v. U.S. Dep't of Energy*, 631 F.3d 1072, 1106 (9th Cir. 2011). The School District argues that the FTA's commitment of funds through the Grant Agreement and the Design/Build Contract constitutes a "major federal action[]", 42 U.S.C. § 4332(c), and that the FTA therefore could not permissibly enter into those agreements before completing the supplemental EIS.

A financial commitment is only a major federal action under NEPA where it constitutes an "irreversible and irretrievable commitment of resources." *Conner v. Burford*, 848 F.2d 1441, 1446 (9th Cir. 1988). An agency makes an irreversible and irretrievable commitment where, for instance, it "spend[s] most or all of its

3

limited budget on preparations useful for only one alternative." *WildWest Inst. v. Bull*, 547 F.3d 1162, 1169 (9th Cir. 2008).

Here, the Grant Agreement and Design/Build Contract do not represent an irreversible and irretrievable commitment to the Constellation Station alignment. The FTA represented to the district court that the Grant Agreement and the Design/Build Contract would not prevent it from making changes to the planned alignment. The district court did not clearly err in finding that such changes were possible. Accordingly, the agreements were not final agency action.[2]

Given that the district court retains jurisdiction over the School District's NEPA action, the parties are free to return to it if subsequent events warrant, and the court may continue in its supervisory role. When the court reviews the FTA's supplemental EIS, it may evaluate whether the FTA's commitments—including those made via the Grant Agreement and Design/Build Contract—in fact infected the FTA's analysis of alternatives. *See Metcalf*, 214 F.3d at 1145. At this point, however, the School District's challenge is premature.

---

[2] Even if we had jurisdiction and found that the School District was likely to succeed on the merits, we would conclude that the district court did not abuse its discretion in denying a preliminary injunction under the traditional test for injunctive relief. The court correctly weighed the equities and hardships, as well as the public interest, given that actual construction is not scheduled to begin until January 2018. *See Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008).

4

**2.** In an effort to avoid the final agency action requirement, the School District argues that the Court may interpret its motion for preliminary injunction as a motion to reconsider the Remedy Order. However, it did not make this argument to the district court. Nor did it make any attempt to explain why the original order was problematic. Accordingly, this argument is waived. *See Gribben v. United Parcel Serv., Inc.*, 528 F.3d 1166, 1171 (9th Cir. 2008) (arguments not presented to district court are waived).

**DISMISSED.**